UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENID MARIE FLORES,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL WOMEN'S FACILITY, et al.,<br><br>Defendants. | CASE NO. 1:19-cv-1509 NONE JLT (PC)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BY A PRISONER;**<br><br>**(Doc. 2)**<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS BY A NON-PRISONER**<br><br>**(Doc. 14)** |

At the initiation of this action, Plaintiff filed a motion to proceed *in forma pauperis* by a prisoner without prepayment of filing fees. (Doc. 2.) At the time, she was incarcerated at California Correctional Women's Facility in Chowchilla, California. When Plaintiff then filed a Notice of Change of Address in another pending case suggesting that she was no longer incarcerated[1], the Court directed Plaintiff to submit a non-prisoner application to proceed in forma pauperis. (Doc. 10.) Plaintiff responded that she remains incarcerated albeit at LA CADA, a Custody to Community Transitional Re-entry Program in Santa Fe Springs, California. (See Doc. 11 at 3.) However, she

---

[1] See Flores v. California Correctional Women's Facility, 1:19-cv-1681-AWI-JDP (E.D. Cal.).

also filed a motion to proceed *in forma pauperis* by a non-prisoner. (Doc. 14) Since Plaintiff remains incarcerated as of the date of this Order, and Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a), the Clerk of Court will be directed to grant the motion to proceed *in forma pauperis* by a prisoner. The latter motion will be denied as moot.

With her response to the Court's order for a non-prisoner application, Plaintiff submits a letter from her Correctional Counselor at LA CADA, J. Reese, who notes that Plaintiff is scheduled to be released in late-June 2020. (Doc. 12 at 3.) The *in forma pauperis* statute, 28 U.S.C. § 1915, distinguishes unincarcerated indigent people from incarcerated ones. Under § 1915(a)(1), a non-prisoner plaintiff may file suit without prepaying fees, provided he or she submits an affidavit demonstrating "that the person is unable to pay such fees or give security therefor." Escobedo v. Applebees, 787 F.3d 1226, 1232 (9th Cir. 2015); Ingle v. Cir. City Stores, Inc., 328 F.3d 1165, 1177 (9th Cir. 2003). An indigent prisoner, by contrast, is not exempt from prepayment. 28 U.S.C. § 1915(b)(1). Instead, the prisoner must submit a copy of his or her trust account statement, make an initial upfront payment, followed by subsequent monthly installments, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(1)-(2).

If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, the question becomes whether she is obligated to pay the unpaid balance. Most circuits agree that a released prisoner may proceed under the non-prisoner provisions of the *in forma pauperis* statute after submitting an updated poverty affidavit, although there is disagreement about whether the prisoner remains liable for the portions of the fee owed prior to release. Compare DeBlasio v. Gilmore, 315 F.3d 396, 398 (4th Cir. 2003) (finding that "a released prisoner should not have to shoulder a more difficult financial burden than the average indigent plaintiff in order to continue his lawsuit," and concluding that IFP status should be determined with reference to post-incarceration financial circumstances); In re Prison Litig. Reform Act, 104 F.3d 1131, 1139 (6th Cir. 1997) (citing McGann v. Soc. Sec. Admin. Comm'r, 96 F.3d 28, 30 (2d Cir. 1996) to conclude that "a released prisoner may litigate without further prepayment of fees upon satisfying the poverty affidavit requirement applicable to all non-prisoners"); Brown v. Eppler, 725 F.3d 1221, 1231 (10th

Cir. 2013) (finding lower court had discretion to determine extent of prisoner's obligation on portions of fee not paid prior to release); with Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997) (indigent ex-prisoner liable for portions of fee owed while incarcerated; then is subject to § 1915(a)(1)); In re Smith, 114 F.3d 1247, 1251 (D.C. Cir. 1997) (same); see also Kellogg v. California, 2011 WL 768691, at *6 (N.D. Cal. Feb. 28, 2011) (terminating plaintiff's § 1915(b) application before ruling on it due to plaintiff's release, but offering him the opportunity to resubmit an application under § 1915(a)(1)); but see Gay v. Tex. Dep't of Corr., State Jail Div., 117 F.3d 240, 242 (5th Cir. 1997) (finding that prisoners who have been released remain subject to prepayment obligation, and requiring full payment of fee upon release).Based on the foregoing, the Court **ORDERS** as follows:

1. The Clerk of Court shall **GRANT** Plaintiff's motion to proceed *in forma pauperis* by a prisoner (Doc. 2) and **DENY** as moot Plaintiff's motion to proceed *in forma pauperis* by a non-prisoner (Doc. 14);

2. If Plaintiff is released while this case remains pending, and the filing fee has not been paid in full, Plaintiff must, within 30 days of her release, either (1) notify the Court that she intends to pay the unpaid balance of her filing fee within 120 days of her release or (2) file a non-prisoner application to proceed in forma pauperis. Failure to comply may result in dismissal of this action.

IT IS SO ORDERED.

Dated:  **June 23, 2020**                    /s/ Jennifer L. Thurston
                                              UNITED STATES MAGISTRATE JUDGE