UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENID MARIE FLORES,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>CALIFORNIA CORRECTIONAL WOMEN'S FACILITY, et al.,<br><br>　　　　Defendants. | CASE NO. 1:19-cv-1509 NONE JLT (PC)<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME;**<br><br>**ORDER DENYING MOTION TO CONSOLIDATE;**<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; AND**<br><br>**ORDER DENYING MOTION TO COMPEL**<br><br>**(Docs. 12, 15, 23)**<br><br>**SIXTY-DAY DEADLINE** |

　　　　Plaintiff's complaint was recently screened and found to be devoid of a cognizable claim. (Doc. 21.) She was then directed to file either a first amended complaint curing the deficiencies identified by the Court in the screening order, a notice of voluntary dismissal, or a notice of election to stand on the complaint. In her response to the screening order, Plaintiff indicates her intent to file an amended complaint and seeks an extension of time to do so. (Doc. 23.) Good cause appearing, this request will be granted.

　　　　Plaintiff's response to the screening order also includes over 250 pages of attachments.

Apparently, Plaintiff has filed several pleadings seeking relief for claims related to her alleged poisoning while housed at the California Correctional Women's Facility. The instant case is her first attempt. She then filed a case in the Central District of California, 2:19-cv-09685-DMB-ADS, which was transferred to this court and assigned Case No. 19-cv-1681-AWI-JDP. This second case was dismissed on September 9, 2020, as duplicative of the instant case. Pending now is Plaintiff's motion to consolidate the three cases. Since only this case is remaining, Plaintiff's motion to consolidate will be denied. On review of the allegations asserted in the response, Plaintiff would be best served by focusing her efforts in this case on the legal standards set forth in the screening order and attempting to correct the problems identified therein.

Plaintiff also moves for the appointment of counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel). The burden of demonstrating exceptional circumstances is on the plaintiff. Id. Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel. Having considered the factors under Palmer, the court finds that Plaintiff has failed to meet her burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Lastly, Plaintiff moves for an order to compel her continued placement in the LA CADA program in Santa Fe Springs, California. A subsequent Notice of Change of Address reveals that she has been released from the program. This motion will therefore be denied as moot.

Based on the foregoing, the Court **ORDERS** that:

1. Plaintiff's motion for an extension of time (Doc. 23) is **GRANTED**. Plaintiff shall file her amended complaint within sixty days from the date of this Order;
2. Plaintiff's motion to consolidate (Doc. 12) is **DENIED**;
3. Plaintiff's motion for the appointment of counsel (Doc. 12) is **DENIED**; and
4. Plaintiff's motion to compel (Doc. 15) is **DENIED** as moot.

IT IS SO ORDERED.

Dated:   **September 17, 2020**                    /s/ Jennifer L. Thurston
                                                                UNITED STATES MAGISTRATE JUDGE

3