UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENID MARIE FLORES,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA CORRECTIONAL WOMEN'S FACILITY, et al.,<br><br>　　　　　Defendants. | Case No.: 1:19-cv-01509-NONE-JLT (PC)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL**<br><br>**ORDER GRANTING MOTION FOR EXTENSION OF TIME**<br><br>**(Doc. 26)**<br><br>**THIRTY-DAY DEADLINE** |

　　　The Court screened Plaintiff's complaint and found it failed to state a cognizable claim. (Doc. 21.) The Court directed her to file a first amended complaint curing the deficiencies identified by the Court in the screening order, a notice of voluntary dismissal, or a notice of election to stand on the complaint. Plaintiff previously sought and was granted an extension of time to file a response. She now seeks a second extension of time. Good cause appearing, this request will be granted.

　　　In addition, plaintiff moves for the appointment of counsel on the ground that she has fallen into a "deep depression" and has difficulty concentrating on her cases. Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa,

1

490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1).  Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases.  In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

In the present case, the Court does not find the required exceptional circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that she has made serious allegations which, if proved, would entitle her to relief, her case is not exceptional.  This court is faced with similar cases almost daily.  Further, at this early stage in the proceedings, the Court cannot determine whether Plaintiff is likely to succeed on the merits and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate her claims.

Finally, in support of her motion, Plaintiff submits a medical form dated November 3, 2020, from Dr. Gabriel Sanchez Aldana, Jr., MD-FP, affiliated with the Northeast Community Clinics. (Doc. 26 at 3.) Dr. Aldana notes that Plaintiff has been diagnosed with several conditions, including diabetes, new onset tremor, obesity, lumbar degenerative disc disease, and depression. He further writes that "Patient is currently experiencing a depression relapse and is having extreme difficulty with concentration and cannot focus on current court procedings [*sic*] and legal matters. Referrals and medications have been initiated." Id. While it appears that Plaintiff suffers from multiple health conditions, this document, standing alone, does not indicate that she is unable to articulate her claims or prosecute this action.  This request will therefore be denied.

////
////
////
////
////
////

2

For the foregoing reasons, Plaintiff's motion for an extension of time is **GRANTED**. She shall file her first amended complaint within thirty days from the date of this order. Failure to do so may result in a recommendation to dismiss this action for failure to comply with a court order and failure to prosecute. Plaintiff's motion for the appointment of counsel is **DENIED**.

IT IS SO ORDERED.

Dated:   **March 17, 2021**                              **/s/ Jennifer L. Thurston**
                                                                                  UNITED STATES MAGISTRATE JUDGE