UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENID MARIE FLORES,<br><br>    Plaintiff,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL WOMEN'S FACILITY, et al.,<br><br>    Defendants. | 1:19-cv-01509-NONE-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY MOTION FOR 90-DAY EXTENSION OF TIME AND TO DISMISS CASE FOR FAILURE TO COMPLY WITH A COURT ORDER AND FAILURE TO PROSECUTE**<br><br>(Doc. 30)<br><br>**14-DAY DEADLINE** |

    Plaintiff has filed a motion requesting a fourth extension of time to respond to this Court's screening order, issued more than a year ago on June 25, 2020. (Doc. 28.) Her first request for a 90-day extension to file the amended complaint, was due to the fact she was defending a case "in children's court," she was working on her divorce case. and she had been released from prison (Doc. 23). Her second request was because, though she was still out of custody, she "fell into a deep depression," was "having difficulties concentrating on [her] cases" and had "a lot going on in [her] life." (Doc. 26) Her third request was based upon the fact that she was suffering medical and dental problems and emotional stressors and was unable to file the amended complaint. (Doc. 28) Her current request repeats much of the same information. (Doc. 30)

    In its previous grant of an extension of time, the Court advised: "Failure to file a first

amended complaint by [July 16, 2021] will result in a recommendation to dismiss this action for failure to comply with a court order and failure to prosecute. The Court will grant no further of extensions absent extraordinary cause." (Doc. 29.) The Court does not discount or minimize that the plaintiff's physical and mental difficulties impede her from pursuing this litigation. However, she has not been incarcerated for a year and, unlike prisoners, she is free to consult a lawyer if she chooses.

Federal Rules of Civil Procedure 41(b) authorizes the Court to involuntarily dismiss a case "[i]f the plaintiff fails to prosecute or to comply with [the rules of civil procedure] or a court order." Fed. R. Civ. P. 41(b). Although Rule 41(b) expressly allows the defendant to move to dismiss the action or any claim, the Ninth Circuit has interpreted the rule to permit courts to dismiss actions *sua sponte* for failure to prosecute or comply with the rules of procedure or a court order. *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005). The Local Rules also provide that the failure to comply with the Federal Rules of Civil Procedure, Local Rules, or other applicable law may be grounds for dismissal, judgment by default, or any other appropriate sanction. L.R. 183(a). "Dismissal under a court's inherent powers is justified in extreme circumstances, . . . in response to abusive litigation practices, . . . and to insure the orderly administration of justice and the integrity of the court's orders." *Halaco Eng'g Co. v. Costle*, 843 F.2d 376, 380 (9th Cir. 1988) (citations omitted).

In determining whether to dismiss an action as a sanction for failure to comply with a court order or failure to prosecute, the Court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits." *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992)).

The first and second factors favor dismissal. The public always has an interest in expeditious resolution of litigation. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)). As to the second factor, "[i]t is incumbent upon the Court to manage its docket without being

1    subject to routine noncompliance of litigants. . ." *Pagtalunan*, 291 F.3d at 642.

2    With respect to the third factor and the risk of prejudice, "pendency of a lawsuit is not
3    sufficiently prejudicial in and of itself to warrant dismissal." *Id.* (citing *Yourish*, 191 F.3d at
4    991). However, "delay inherently increases the risk that witnesses' memories will fade and
5    evidence will become stale," *Pagtalunan*, 291 F.3d at 643, and it is Plaintiff's failure to comply
6    with a court order and to prosecute this case that is causing delay. Over a year has passed since
7    the Court screened the complaint and first ordered Plaintiff to file an amended complaint. Thus,
8    the third factor weighs in favor of dismissal.

9    The fourth factor, which requires the Court to consider lesser sanctions, also favors
10   dismissal. Lesser sanctions, such as monetary sanctions or contempt, are of little use against a
11   *pro se* litigant proceeding *in forma pauperis*. The Court issued repeated orders to file an
12   amended complaint, granted extensions of time, and warned Plaintiff that the failure to comply
13   with a court order would result in a recommendation of dismissal. These less drastic alternatives
14   have not prompted Plaintiff to advance the litigation. Therefore, this factor also weighs in favor
15   of dismissal.

16   As to the fifth factor, "[p]ublic policy favors disposition of cases on their merits. Thus,
17   this factor weighs against dismissal." *Pagtalunan*, 291 F.3d at 643 (citing *Hernandez v. City of*
18   *El Monte*, 138 F.3d 393, 399 (9th Cir.1998).

19   Considering all five factors, the Court concludes that dismissal of this action without
20   prejudice is warranted. *See Ferdik,* 963 F.2d at 1263 (concluding dismissal may be considered
21   appropriate where supported by three factors); *see also Dreith v. Nu Image, Inc.*, 648 F.3d 779,
22   788 (9th Cir. 2011) (quoting *Yourish*, 191 F.3d at 990 (holding that a dismissal will be affirmed
23   where at least four factors support dismissal or where at least three factors strongly support
24   dismissal)). Accordingly, this case should be dismissed for Plaintiff's failure to state a claim
25   upon which relief can be granted, prosecute this action, and comply with a court order.

26   Accordingly, for the foregoing reasons, it is RECOMMENDED that the Court **DENY**
27   Plaintiff's request for another 90-day extension of time and **DISMISS** this action **without**

28

3

**prejudice**.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **July 22, 2021**                   _ **/s/ Jennifer L. Thurston**
                                                          CHIEF UNITED STATES MAGISTRATE JUDGE