UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ENID MARIE FLORES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA CORRECTIONAL WOMEN'S FACILITY, et al.,<br><br>　　　　Defendants. | Case No. 1:19-cv-01509-NONE-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION**<br><br>**ORDER DENYING PLAINTIFF'S REQUEST FOR SPECIAL CIRCUMSTANCES AND APPOINTMENT OF COUNSEL**<br><br>(Doc. 35)<br><br>**14-DAY DEADLINE** |

On June 25, 2020, this Court entered a screening order finding that Plaintiff's complaint fails to state a claim upon which relief may be granted. (Doc. 21.) The Court granted Plaintiff leave to file an amended complaint, file a notice of voluntary dismissal, or a notice that she elected to forego amendment and stand on her complaint. (*Id.*) Plaintiff indicated her intent to file an amended complaint and requested an extension of time, which the Court granted. (Docs. 23, 24

Since then, the Court has granted Plaintiff three additional extensions of time. (*See* Docs. 27, 29, 33.) In the most recent order, the Court ordered Plaintiff to file an amended complaint on or before November 29, 2021 and advised that "[n]o further extensions will be granted absent a showing of extraordinary cause." (Doc. 33.) The Court further advised: "**Failure to comply with this order will result in a recommendation that the Court dismiss this case for failure to state a**

**claim, failure to comply with a court order, and failure to prosecute.**" (*Id.*)

Plaintiff failed to comply with the Order. On November 29, 2021, instead of filing an amended complaint as ordered, Plaintiff filed a "Motion Requesting Special Circumstances under the No Fear Act."[1] (Doc. 35.) The motion seeks a variety of relief, including a third request for the appointment of counsel, a request to be relocated through the witness protection program, and a request to "freeze" this case. Plaintiff claims that she is in fear for her life, citing to her mother's testimony in a 1985 criminal case and murder in 1993, as well as her cousin's murder after suing the prison for rape while in custody. Plaintiff also complains that her health has deteriorated; she is very ill; and she is disabled, with difficulties walking and keeping her balance. She states that her bones ache and pop, and she is in constant pain.

As this Court has previously advised, Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Ct. for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989).

The Court may request the voluntary assistance of counsel under section 1915(e)(1). *Rand*, 113 F.3d at 1525. However, without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id.*

Despite Plaintiff's complaints about her health, housing, and fear of dying, Plaintiff's motion does not indicate exceptional circumstances that warrant appointment of counsel. Plaintiff's difficulties are not related to her lack of legal representation in this case, and a court-appointed attorney would be unable to provide the assistance she seeks, such as assistance with relocating under the witness protection program. (*See* Doc. 35.)

At this early stage in the proceedings, the Court cannot determine that Plaintiff is likely to

---

[1] Plaintiff references the No Fear Act, or the Notification and Federal Anti-Discrimination and Retaliation Act of 2002. The statute, however, is inapplicable in this case.

2

succeed on the merits. Moreover, based on a review of the record, the Court finds that Plaintiff can articulate her claims adequately. *Id.* Therefore, the Court again **DENIES** Plaintiff's motion for the appointment of counsel. (Doc. 35.)

To the extent that Plaintiff seeks to "freeze" or stay this action, the Court **DENIES** the request. The litigation has stalled for almost a year and a half due to Plaintiff's multiple requests for extensions of time and inability to amend her complaint. Plaintiff failed to comply with this Court's order of August 31, 2021, (Doc. 33), by filing an amended complaint on or before November 29, 2021. Under these circumstances, dismissal of the case is appropriate. Accordingly, the Court **RECOMMENDS** that

1. This case be dismissed for failure to state a claim, failure to comply with a court order, and failure to prosecute; and
2. The Clerk be directed to close the case.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). **Within 14 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **December 4, 2021**            _ **/s/ Jennifer L. Thurston**
                                         CHIEF UNITED STATES MAGISTRATE JUDGE